**Hilda E. GONZALEZ de BRINDLE, Plaintiff,**

v.

**Carlos E. REOYO, et al, Defendants.**

**Civ. No. 86–1054(PG).**

United States District Court, D. Puerto Rico.

June 10, 1988.

---

Carlos E. Shine, Hato Rey, Puerto Rico, for plaintiff.

James D. Noel, III, Hato Rey, Puerto Rico, for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This is a 42 U.S.C. § 1983 action based on alleged violations by state university officers of a dismissed professor's rights under the First and Fourteenth Amendments to the United States Constitution. U.S.Const., Amends. 1 & 14. We have jurisdiction over it in light of 28 U.S.C. § 1343. Before us is defendants' motion to dismiss, Fed.R.Civ.P. 12, or for summary judgment, Fed.R.Civ.P. 56. Since we will consider materials other than the pleadings that defendants submitted with their motion, we will treat it as one for summary judgment.

We may render summary judgment under Fed.R.Civ.P. 56 "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Given that there is no issue as to any material fact, we will grant judgment in defendants' favor.

A summary of facts ensues. On August 6, 1976, plaintiff started working as a full-time instructor for the Bayamón Regional College, which is part of the state-owned University of Puerto Rico. In July 1982, she attained tenure as professor.

In early May 1984, the Governor of Puerto Rico tendered plaintiff a recess appointment as a municipal judge. She was sworn in on May 11, 1984. Days before that date, plaintiff was told by the Human Resources Director of the Courts Administration Office that if she was employed by any government agency, she had to resign from the position before swearing in and submit with that office copies of the resignation letter and the agency's letter accepting

such resignation. She never produced those documents.[1]

On June 7, 1984, plaintiff requested a leave without pay from her professorship "for personal reasons." She never told her superiors at the college about her judgeship. Her leave petition was granted to extend from August 15, 1984, to May 1985. Of course, during the summer months before her leave commenced she received her salary as a professor. Thus, she had two sources of income from the date she swore in as judge to the date her leave started— her professor's and judge's salaries.

Upon learning of plaintiff's judgeship sometime after the leave was granted, the Personnel Office of the University of Puerto Rico's Regional College Administration wrote to plaintiff on December 19, 1984. She was requested to submit a resignation letter, to be effective as of the date she was sworn in as judge. Plaintiff never did so.

After her judicial appointment expired on June 5, 1985, plaintiff wanted to return to teach in the 1985 fall semester. On June 10, 1985, plaintiff notified the Regional Colleges Administration of her intention. On June 26, 1985, defendant Reoyo, Chancellor of the Regional Colleges Administration, denied plaintiff's request for reinstatement because, by accepting the judgeship, she had constructively resigned from her professorship.

On September 6, 1985, plaintiff requested reconsideration of Reoyo's denial. She was turned down again on March 12, 1986, through a resolution signed by defendant Riefkohl, also Chancellor of the Regional Colleges Administration. On April 15, 1986, plaintiff appealed the reconsideration denial to defendant Agrait, President of the University of Puerto Rico. No decision has been rendered by him.

In order to succeed in a section 1983 action, plaintiff must prove (1) a violation of a federal right (2) by a state official (3) under the color of state law. We infer

---

1. We wonder how the Courts Administration Office permitted her to swear in without first producing those documents.

defendants concede that they were state officials who acted under the color of state law when they denied plaintiff's reinstatement given that those facts have not been challenged by them. *See Jiménez v. Almodóvar*, 650 F.2d 363 (1st Cir.1981). Defendants have solely contested the alleged violation of federal constitutional rights.

■ Plaintiff alleges infringement of her First and Fourteenth Amendment rights. We fail to see how any of her First Amendment rights were violated. Plaintiff has not specified in her pleadings what that violation was. We cannot imagine one.

■ Her Fourteenth Amendment claim [2] has no merit. She claims to have had a property interest in her professorship, of which she was deprived without due process. We do not believe she had a property interest after she started her judgeship and, consequently, she could not have been deprived of one.

To determine whether plaintiff had a property right, we must look at state law:

Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

A look at relevant Puerto Rican law negates any claim by plaintiff that she is entitled to a property interest.

Under the common law rule of incompatibility of goverment offices or positions, a person may not hold two incompatible offices or positions in the government. *See, generally*, 67 C.J.S. Officers § 27. If such incompatibility exists, the acceptance of the second position vacates the office of the first. Whether incompatibility exists depends on the facts of each case, on the duties that each office or position entails. This common law rule has been extended to Puerto Rico by its Supreme Court. *People Ex Rel. Arjona v. Landrón*, 57 P.R.R. 66 (1940); *Añeses, et al v. Executive Council*, 38 P.R.R. 240 (1928).

We need not rely on the common law rule, however, because an incompatibility rule is embodied in the Constitution of Puerto Rico.

The Constitution is quite explicit where it states that "no person shall draw a salary for more than one office or position in the government of Puerto Rico." P.R.Const., Art VI, § 10. The Puerto Rico Supreme Court has held that "[t]he purpose of this section is to prevent the same person from discharging two offices or positions in the government at the same time, and drawing two salaries by virtue of said offices or positions. . . ." *Municipality of Coamo v. Superior Court*, 99 P.R.R. 905, 913 (1971).

Plaintiff's action clearly violates this constitutional provision. During the months of May, June and July of 1985 she held two government positions and, consequently, received two salaries from public funds. Under the incompatibility rule, as embodied in the Commonwealth's Constitution, the moment plaintiff swore in as a judge she automatically vacated her position as a professor in the university. Thus, since swearing in, plaintiff lost any property interest she had in her professorship.

Unlike what we would have to do if our holding was based on the common law rule, we need not go into the actual incompatibility between plaintiff's professorship and judgeship. The Puerto Rico Constitution makes them incompatible. Moreover, the local Canons of Judicial Ethics also make them incompatible. Canon VIII, 4 L.P.R.A. App. IV-A states:

"[T]he office of a judge is incompatible with any position in the executive or leg-

---

2. The Supreme Court of the United States thus far has "declined to say whether it is the Fifth Amendment or the Fourteenth which provided" due process of law protection against Puerto Rican official action. *Examining Board v. Flores de Otero*, 426 U.S. 572, 601, 96 S.Ct. 2264, 2280, 49 L.Ed.2d 65 (1976). We will assume plaintiff is asking for relief under both amendments.

islative branches, in the municipal government or in any other state agency." [3]

When plaintiff swore in as a judge, she impliedly resigned to her professor's position in light of the Puerto Rico Constitution and the Canons of Judicial Ethics. Accordingly, she lost any property interest she could have had in her professorship. When defendants decided not to reinstate her, she had no property interest and, therefore, her Fourteenth Amendment due process right was not violated. Without an usurpation of her federal rights, she has no section 1983 claim.

WHEREFORE, for the reasons stated, we hereby GRANT summary judgment for defendants and DISMISS all claims against them.

IT IS SO ORDERED.

---

**3.** It seems plaintiff's acts constitute an ethical violation in light of canons VIII and X. Whether that is the case is not for us to judge. However, we may say that receiving two government checks without telling the proper authorities is reprehensible conduct, especially coming from a judge. We would like to see local law enforcers make an investigation of plaintiff's acts.